**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DISMISSING DEFENDANT'S** |
| | ) | **PETITION FOR HABEAS CORPUS** |
| vs. | ) | **RELIEF UNDER 28 U.S.C. § 2255** |
| | ) | |
| Lawrence W. Wallace, | ) | |
| | ) | Case No. 1:06-cr-066-3 |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| Lawrence W. Wallace, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:08-cv-047 |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

_____

Before the Court is the Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," filed on April 25, 2008.  See Docket No. 122. The Court reviewed the petition and on April 29, 2008, ordered the Government to file a response. See Docket No. 127.  On June 4, 2008, the Government filed a response requesting that the Court deny the petition.  See Docket No. 131.  The Defendant filed a reply brief on June 30, 2008. See Docket No. 132.  The petition is dismissed with prejudice for the reasons set forth below.


I.    **BACKGROUND**

On August 17, 2006, the defendant, Lawrence Wallace, was charged in an indictment with conspiracy to distribute and possess with intent to distribute the controlled substances methamphetamine, marijuana, and cocaine.  See Docket No. 1.  On February 8, 2007, Wallace pled

guilty.  In paragraph 22 of the plea agreement, Wallace waived his appellate rights and his right to

seek relief under 28 U.S.C. § 2255:

> Defendant is aware of the right to appeal provided under Title 18, United States Code, Section 3742(a).  Defendant hereby waives this and any right to appeal the Court's entry of judgment against defendant, reserving only the right to appeal from an upward departure from the applicable Guideline range.  See USSG § 1B1.1, comment[] (n.1) (defines "departure").  Except for a claim of ineffective assistance of counsel, the defendant further waives all rights to contest defendant's conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255.  Defendant specifically acknowledges that the Eighth Circuit Court of Appeals has upheld the enforceability of a provision of this type in United States v. His Law, 85 F.3d 379 (8th Cir. 1996).  Therefore, defendant understands that any appeal or other post-conviction relief defendant might seek should be summarily dismissed by the Court in which it is filed.

See Docket No. 69 (emphasis added).  The Court discussed paragraph 22 of the plea agreement at the

change of plea hearing on February 8, 2007:

> [The Court]:           Then please turn to paragraph 22 of the plea agreement found on page 12.  Paragraph 22 is inserted in most plea agreements that one finds in the federal system, and it contains a lot of legalese and references to cases which I'm sure you're not familiar with.  And I want to try to simplify that paragraph for you and let you know what it means for you.
>
> It discusses your right to appeal, and essentially what paragraph 22 means is that by signing the plea agreement, you're giving up your right to appeal the conviction on this drug conspiracy charge and you're giving up your right to appeal the sentence that I order that you serve as long as I sentence you within the sentencing guideline range that's found to apply to you.  Do you understand that?
>
> [The Defendant]:      Yes, sir.

See Docket No. 130, p. 21.  On April 30, 2007, Wallace was sentenced to a 262-month term of

imprisonment and a 120-month term of supervised release.  The drug trafficking offense carried a

twenty-year mandatory minimum sentence.

Wallace contends that he was incompetent at the time he entered a guilty plea because he was suffering from mental disorders that led him to be coerced into entering a plea. Wallace also contends that his Sixth Amendment right to effective assistance of counsel was violated because his defense counsel failed to adequately investigate Wallace's competence and failed to file a motion for a competency hearing. The Government contends that Wallace's actions at his change of plea hearing indicate that he was competent and that his defense counsel was effective.

## II.   LEGAL DISCUSSION

28 U.S.C. § 2255 authorizes a challenge by "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." "A motion made pursuant to 28 U.S.C. § 2255 requires a showing of either constitutional or jurisdictional error, or a 'fundamental defect' resulting in a 'complete miscarriage of justice.'" United States v. Gianakos, 2007 WL 3124686, at *4 (D.N.D. Oct. 23, 2007) (quoting Davis v. United States, 417 U.S. 333, 346 (1974); Hill v. United States, 368 U.S. 424, 428 (1962)).

### A.   MENTAL COMPETENCE

Wallace contends that his paranoia, anxiety, and depression at the time of the change of plea hearing rendered him incompetent and unable to understand the nature of the proceedings and charges, and that his mental condition rendered him unable to assist his attorney and rationally consult about the guilty plea. This, Wallace contends, renders the guilty plea and associated waivers invalid. Wallace contends that he informed defense counsel that he had psychological problems and that he had undergone a mental evaluation. Wallace moves the Court to find that, pursuant to 18 U.S.C. §

3

4246, a psychological evaluation should have been ordered to determine whether he was competent to stand trial or enter a guilty plea. Even if Wallace had not given up his right to appeal the conviction in the plea agreement, his claim would still fail.

Due process prohibits a defendant deemed mentally incompetent from entering a valid guilty plea. United States v. Martinez, 446 F.3d 878, 881 (8th Cir. 2006) (citing United States v. Premachandra, 32 F.3d 346, 347 (8th Cir. 1994)). A defendant is deemed competent if he possesses a "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960); Godinez v. Moran, 509 U.S. 389, 398 (1993) (holding that the Dusky standard for competency to stand trial applies equally to competency to plead guilty). In determining a defendant's competency, a court may consider many factors, including expert medical opinions and observations of the defendant's demeanor. Martinez, 446 F.3d at 881.

In United States v. Yu, 484 F.3d 979, 984 (8th Cir. 2007), the defendant argued that the Eighth Circuit Court of Appeals should remand his case for a new trial because he was denied due process when the district court failed to order a competency hearing to assess whether he was able to understand the proceedings and to assist defense counsel. The Eighth Circuit explained that "[c]ompetence is presumed 'absent some contrary indication' arising from irrational behavior, the defendant's demeanor, and any prior medical opinions addressing the defendant's competency." Yu, 484 F.3d at 985 (8th Cir. 2007) (quoting United States v. Long Crow, 37 F.3d 1319, 1325 (8th Cir. 1994)). The Eighth Circuit held that "the fact that Yu was taking medications (Prozac, Seroquel, Ativan, and sleeping pills) did not necessarily require" a competency hearing. Yu, 484 F.3d at 985.

At the change of plea hearing, the Court asked Lawrence Wallace if he was on any medications:

| | |
|---|---|
| [The Defendant]: | Yeah, antidepressant, antianxiety.  They're all psych. meds. |
| [The Court]: | How long have you been on those types of medications? |
| [The Defendant]: | About a year. |
| [The Court]: | Anything that you're taking here today that you feel impairs your ability to understand what we're doing? |
| [The Defendant]: | No. |
| [The Court]: | You are of clear mind and understand what's going on here today? |
| [The Defendant]: | Yes, sir. |

See Docket No. 130, p. 12.  It is clear from the transcript of the change of plea hearing that Wallace indicated he was of clear mind and understood the proceedings.  Wallace exhibited competent behavior when he answered the Court's questions with no difficulty, including questions pertaining to his history of street drug use.  See Docket No. 130, pp. 23-28.  Wallace's competence is presumed and there is a complete absence of evidence to the contrary.  Wallace did not exhibit any irrational behavior at the change of plea hearing and his demeanor was reasonable and appropriate.  At the hearing, Wallace did not provide any medical evidence of mental incompetence, nor did he allege any incompetence.  To the contrary, Wallace presented himself as someone who understood what he was saying and doing and exhibited competent behavior to plead guilty.  Further, the fact that Wallace was taking prescription medications did not necessarily require a competency hearing.  When asked whether the medications impaired his ability to understand the proceedings, Wallace answered in the negative.  The Court does not find any evidence that Wallace was mentally incompetent when he pled guilty.

B.    <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>

Wallace contends that he had a history of mental illness and was hospitalized by the State of North Dakota in 2006, but despite knowing this, his defense counsel failed to address the competency issue with the Court and failed to file a motion for a competency hearing.  An ineffective assistance of counsel claim is properly raised in a 28 U.S.C. § 2255 action.  <u>See</u> <u>United States v. Davis</u>, 452 F.3d 991, 994 (8th Cir. 2006).  To be eligible for habeas corpus relief on an ineffective assistance of counsel claim, the defendant bears the burden of satisfying the two-part test announced in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

The defendant must first show that counsel's performance was deficient.  <u>Strickland</u>, 466 U.S. at 687.   Counsel's performance is deficient when it falls below an objective standard of reasonableness.  <u>Id.</u> at 687-88; <u>see</u> <u>Marcrum v. Luebbers</u>, 509 F.3d 489, 502 (8th Cir. 2007).  To determine whether defense counsel satisfied the reasonableness standard, a court must "assess reasonableness on all the facts of the particular case," "view the facts as they existed at the time of counsel's conduct" and not in hindsight, and "evaluate counsel's performance with a view to whether counsel functioned to assure adversarial testing" of the prosecution's case.  <u>See</u> <u>Marcrum</u>, 509 F.3d at 502.  Because of the inherent difficulties in evaluating defense counsel's conduct at the time of performance, there is a strong presumption that counsel's performance is reasonable and "might be considered sound trial strategy."  <u>Strickland</u>, 466 U.S. at 689.

The defendant must then show that counsel's deficient performance prejudiced the defense.  <u>Strickland</u>, 466 U.S. at 687.  Prejudice is rarely presumed in ineffective assistance of counsel cases.  Prejudice is presumed "when there has been a complete denial of counsel or a denial of counsel at a critical stage, when 'counsel entirely fails to subject the prosecution's case to meaningful adversarial testing,' or when even competent counsel could not be expected to be of assistance given the

6

circumstances." <u>Malcom v. Houston</u>, 518 F.3d 624, 627 (8th Cir. 2008).  Wallace has failed to allege or present any conduct by defense counsel that would give rise to a presumption of prejudice.  To succeed on the ineffective assistance of counsel claim, Wallace must show that counsel's performance prejudiced his defense.  "A showing of prejudice requires a determination by the court that 'there is a reasonable probability [sufficient to undermine confidence in the outcome] that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" <u>United States v. White</u>, 341 F.3d 673, 677 (8th Cir. 2003) (quoting <u>Strickland</u>, 466 U.S. at 694).  The standard set forth in <u>Strickland</u> requires that judicial scrutiny of counsel's performance be highly deferential.  "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." <u>Strickland</u>, 466 U.S. at 689.

At the change of plea hearing, the Court questioned Wallace about his defense counsel:

| [The Court]: | And has Mr. [James] Wolff been representing you in this federal court proceeding since you were first charged, arrested and – |
| --- | --- |
| [The Defendant]: | Yes. |
| [The Court]: | – appeared?  You've been satisfied with the legal assistance he's provided to you? |
| [The Defendant]: | Yes, sir. |

<u>See</u> Docket No. 130, pp. 12-13.  The Eighth Circuit Court of Appeals has held that, while a guilty plea is not invulnerable to a collateral attack in a post-conviction proceeding, the defendant's representations during the change of plea hearing carry a "strong presumption of verity" and "pose a formidable barrier in any subsequent collateral proceedings." <u>Nguyen v. United States</u>, 114 F.3d

699, 703 (8th Cir. 1997). In <u>Nguyen</u>, the defendant stated during the change of plea hearing that he was satisfied with his lawyer and that no threats or promises had been made to induce him to plead guilty. The Eighth Circuit stated that the defendant had a "heavy burden to overcome those admissions and show that his plea was involuntary." <u>Id.</u> Wallace has failed to present any evidence that a competency hearing was necessary. Therefore, the Court declines, in hindsight, to find that defense counsel should have done more to determine Wallace's competency. At all stages of the proceedings Wallace presented himself as competent and capable to enter a knowing and voluntary guilty plea. There is a strong presumption that defense counsel's performance was reasonable and based on sound strategy. Wallace has failed to provide sufficient evidence to overcome this strong presumption, especially given his admission at the change of plea hearing that he was satisfied with his legal representation.

Even if defense counsel's performance was deficient, Wallace has failed to present any evidence that he has been prejudiced in any way by defense counsel's decision not to file a motion for a competency hearing. The Court finds that there is not a reasonable probability that, but for defense counsel's performance, the result of the proceedings would have been different.

The Court finds that Wallace has failed to establish that his defense counsel deficiently failed to adequately investigate Wallace's competence. The Court also finds that Wallace has failed to establish that he was prejudiced as a result of his counsel's performance. As a result, the Court expressly finds that Wallace's claim of ineffective assistance of counsel must fail as a matter of law.


III.   <u>**CONCLUSION**</u>

For the reasons set forth above, the Court **DISMISSES WITH PREJUDICE** the Defendant's habeas petition pursuant to 28 U.S.C. § 2255 (Docket No. 122). In addition, the Court certifies that

8

an appeal from the denial of this petition may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  Based on the entire record before the Court, dismissal of the petition is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. See Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983).  Therefore, a certificate of appealability will not be issued by this Court.[1]

If Wallace desires further review of his 28 U.S.C. § 2255 petition, he may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997).

**IT IS SO ORDERED**.

Dated this 10th day of November, 2008.

/s/  Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court

---

[1]The Court of Appeals for the Eighth Circuit has opined that the district courts possess the authority to issue certificates of appealability under Section 2253(c).  Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

9